JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@hindslawgroup.com
RACHEL M. SPOSATO (SBN 306045)
rsposato@hindslawgroup.com
THE HINDS LAW GROUP, APC
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Counsel for the Debtor,
Harold L. McQuinn, D.D.S., Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:20-bk-18383-BR |
| HAROLD L. McQUINN, D.D.S., Inc., | (Chapter 7) |
| Debtor. | **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY LAWS** |
| | HEARING DATE:<br>Date: TBD<br>Time: TBD<br>Place: Courtroom 1668<br>(***Appearances by Telephone Only***)<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

//

//

//

//

1

**I.**

**EMERGENCY MOTION**

Harold L. McQuinn D.D.S., Inc., the Chapter 7 Debtor in the above-captioned case (hereinafter referred to as the "Debtor"), hereby moves this Court on an emergency basis pursuant to §§ 105(a), 107(b) and (c) of the Bankruptcy Code,[1] Rules 1007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (hereinafter referred to as the "Bankruptcy Rules"), and Rule 5003-2(c) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Central District of California (hereinafter referred to as the "LBR") for the entry of an Order authorizing certain procedures to maintain the confidentiality of patient information as required by applicable privacy laws (hereinafter referred to as the "Motion").  In further support thereof:

**II.**

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**III.**

**BACKGROUND AND SUMMARY OF REQUESTED RELIEF**

2. On the date hereof (September 15, 2020)(hereinafter referred to as the "Petition Date"), the Debtor filed for relief under chapter 7 of the Bankruptcy Code.

3. The Debtor respectfully requests an Order, pursuant to Bankruptcy Code sections 105(a), 107, and 521(a)(1), and Bankruptcy Rules 1007, 9018, and 9037, authorizing the implementation of procedures to protect confidential information of the Debtor's patients (hereinafter referred to as the "Patients"), as required by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

---

[1] All references to "§" or "section" herein are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

2

DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY LAWS

Case 2:20-bk-18383-BR    Doc 5    Filed 09/15/20    Entered 09/15/20 17:28:10    Desc
Main Document    Page 3 of 7

4. The Debtor is in the business of operating a practice that provides dental services. In the ordinary course of its business, the Debtor has access to and receives "protected health information" and data relating to Patients, which the Debtor is required to confidentiality maintain pursuant to HIPAA. It is possible that some of these Patients could potentially hold actual or contingent claims against the Debtor's estate, and as such, under Bankruptcy Code section 521(a), the Debtor has a duty to list all such creditors on the Debtor's mailing matrix and bankruptcy schedules.

5. The Debtor requests that the Court establish the following procedures (hereinafter referred to as the "Privacy Procedures") to balance the need to protect patient health information pursuant to HIPAA with the need to disclose information regarding this Chapter 7 case to the public:

a. the Debtor shall omit any reference to current or former patients from the matrix of creditors, the schedule(s), the mailing matrix, and any certificate of service;

b. the Debtor is authorized to prepare and identify current or former patients in the Schedules and Statements, solely by a code number, such as "Patient 1," "Patient 2," etc. (hereinafter referred to as the "Patient Schedules"), and to prepare and maintain (i) a separate creditor matrix of the Patients (hereinafter referred to as the "Patient Matrix"). The Debtor shall make an unredacted copy of the Schedules and Statements, and the Patient Matrix available to (i) the Court, the Trustee appointed to this matter, the United States Trustee, and the Health Care Ombudsman (if applicable) upon request; and (ii) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtor to do so;

c. The Debtor is not required to file the Patient Matrix nor the unredacted Patient Schedules in the format as required by the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California, but is permitted to file a redacted version of the Patient Schedules that redacts the names and addresses of the Patients and assigns that unique identification number to each Patient;

3

DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY LAWS

  d. When the Debtor serves any paper upon any person listed on the Patient Matrix, the Debtor shall note in the respective certificate of service that the parties served include persons listed on the Patient Matrix.  The certificate of service will not list the name(s) and address(es) of any other Patient(s).

  e. To the extent any Patient discloses his or her own "protected health information" ("PHI") (as such term is defined in HIPAA) in any pleading, proof of claim, notice, or other publicly available document, the Debtor shall be permitted, and to the extent required by the Bankruptcy Code, the Bankruptcy Rules, or any other applicable law, rule, or court order, directed to include such PHI in any subsequent pleading, notice, document, list, or other public disclosure made in connection with this bankruptcy, and such disclosure shall not be deemed to be a "wrongful disclosure" within the meaning of HIPAA or any regulation promulgated thereunder.

## IV.
## BASIS FOR RELIEF

A. <u>The Procedures Will Allow the Debtor To Protect Patient Information While Still Complying With The Requirements Of The Bankruptcy Code.</u>

 6. HIPAA and its corresponding regulations impose stringent standards on health care providers and establish significant penalties for any health care provider that uses or discloses patient information. *See*, 42 U.S.C. § 1302d, *et. seq.* and 45 C.F.R. § 164.502.

 7. Because the Debtor qualifies as a health care provider that transmits health information, it is considered to be a covered entity pursuant to 45 C.F.R. § 160.103.  This designation prevents the Debtor from disclosing, except in limited circumstances, "individually identifiable health information." 45 C.F.R. § 164.502.  HIPAA defines "individually identifiable health information" as any information relating to the individual's "past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present or future payment for the provision of health care to the individual" that also "identifies the individual or for which there is a reasonable basis to

4

DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY LAWS

believe that the information can be used to identify the individual." 42 U.S.C. § 1302d(6). Individually identifiable health information is referred to as PHI under HIPAA.

8. The Debtor could be subjected to significant monetary penalties for the unauthorized disclosure of PHI. *See*, 45 C.F.R. § 160.402. Such penalties can be imposed even if a person "did not know and, by exercising reasonable diligence, would not have known" that a violation occurred. 45 C.F.R. § 160.404(b)(2)(i).

9. The Debtor believes that the requirements to maintain patient confidentiality under HIPAA conflicts with the requirements to disclose information under the Bankruptcy Code, specifically the duty to file a list of all creditors under Bankruptcy Code section 521(a)(1)(A) and the duty to file schedules of all assets and liabilities under Bankruptcy Code section 521(a)(1)(B)(i). The Debtor, therefore, respectfully requests that such patient information be protected through the proposed Privacy Procedures herein pursuant to Bankruptcy Code section 107(c), which allows a bankruptcy court, for cause, to protect an individual if disclosure would create an undue risk of unlawful injury.

10. This Court may also approve the proposed Privacy Procedures pursuant to Bankruptcy Code section 105(a), which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. The Debtor believes that the relief requested herein appropriately balances the need to maintain confidential patient information under HIPAA with the need for adequate disclosure under the Bankruptcy Code. Given the nature of any information that may reveal even the identity of Patients, confidentiality in this context is of paramount importance.

## V.
## NO PREVIOUS APPLICATION

12. No previous application for the relief sought herein has been made to this or to any other court.

5

DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY LAWS

## VI.

## NOTICE

13. The Debtor will provide notice of the filing of this Motion to the (i) Chapter 7 Trustee appointed in this matter, (ii) the United States Trustee, (iii) and any party that has requested notice pursuant to Bankruptcy Rule 2002. Due to the nature of the relief being requested, the Debtor respectfully submits that no further notice to any additional creditor(s) and/or party-in-interest of this Motion is required.

**WHEREFORE**, the Debtor respectfully requests the entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

DATED: September 15, 2020            Respectfully submitted,

JAMES ANDREW HINDS, JR.
RACHEL M. SPOSATO
THE HINDS LAW GROUP, APC

By:  Rachel M. Sposato
       RACHEL M. SPOSATO,
Counsel for Harold L. McQuinn D.D.S., Inc.,
Chapter 7 Debtor

DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY LAWS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

21257 Hawthorne Blvd., Second Floor, Torrance, CA 90503

A true and correct copy of the foregoing document entitled (*specify*) **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY LAWS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 15, 2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **James Andrew Hinds**    jhinds@hindslawgroup.com, mduran@hindslawgroup.com
- **Jason M Rund (TR)**    trustee@srlawyers.com, jrund@ecf.axosfs.com
- **Rachel M Sposato**    rsposato@hindslawgroup.com, mduran@hindslawgroup.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- 

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 15, 2020   MAYRA DURAN | /s/ Mayra Duran |
|---|---|
| Date                        Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                              **F 9013-3.1**